UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM DEAN FROST,

    Petitioner,

v.                                                              Case Number 12-11203-BC
                                                               Honorable Thomas L. Ludington

THOMAS M. BIRKETT,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner William Dean Frost, a state prisoner presently confined at Central Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner was convicted of three firearm offenses in Wayne County Circuit Court and sentenced to five years in prison. He alleges that he is incarcerated in violation of his rights under the Fourth Amendment to the United States Constitution. This claim is not cognizable on habeas review and the habeas petition will be denied.

**I**

In 2010, a Wayne County Circuit Court jury found Petitioner guilty of felon in possession of a firearm, Mich. Comp. Laws § 750.224f, possession of a firearm during the commission of a felony ("felony firearm"), second offense, Mich. Comp. Laws § 750.227b, and possession of a loaded firearm in a vehicle, Mich. Comp. Laws § 750.227c. The convictions arose from the seizure of a shotgun from Petitioner's car on December 17, 2009, following a traffic stop for reckless driving in Detroit. On May 6, 2010, the trial court sentenced Petitioner to five years in prison for

the felony firearm offense, followed by two years of probation for the other two crimes. Petitioner appealed as a matter of right, but the Michigan Court of Appeals affirmed his convictions in an unpublished, *per curiam* opinion. *See People v. Frost*, No. 298702, 2011 WL 2859883 (Mich. Ct. App. July 19, 2011). On November 21, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Frost*, 805 N.W.2d 198 (Mich. 2011) (table). Petitioner filed his federal habeas corpus petition on March 16, 2012. His sole claim is that the trial court erred when it denied his motion to suppress evidence seized from his car. Petitioner contends that he was arrested without a warrant and that the exceptions to the warrant requirement for searches supported by probable cause or incident to a lawful arrest did not apply. Petitioner further alleges that, absent the improperly seized items, there was insufficient evidence to support his convictions.

## II

Petitioner asserts that his rights under the Fourth Amendment to the United States Constitution were violated when the police searched and seized items from his car. The Fourth Amendment states that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

Despite this protection against unreasonable searches and seizures, the Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas

corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). For a "full and fair" opportunity to have existed, the state must have provided a mechanism for raising the claim and presentation of the claim must not have been frustrated by a failure of that mechanism. *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985) (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

In Michigan, defendants in criminal cases may challenge the legality of searches and seizures in a motion to suppress evidence, which may be brought before or during trial. *People v. Ferguson*, 135 N.W.2d 357, 358-59 (Mich. 1965). Petitioner alleges that he raised his Fourth Amendment claim in a pretrial motion to suppress evidence and that the trial court held an evidentiary hearing on the motion. The trial court denied Petitioner's motion after concluding that there was a sufficient basis for the traffic stop and that the subsequent search and seizure were lawful.

Petitioner also raised his Fourth Amendment claim in the Michigan Court of Appeals, which conducted a thorough analysis of his claim. First, the Court of Appeals determined that the police officers had probable cause to stop Petitioner because they observed him committing a civil infraction, namely, following another vehicle too closely. The Court of Appeals concluded that the trial court did not err in denying Petitioner's motion on the basis that the stop was illegal.

Next, the Court of Appeals determined that the search of Petitioner's car and seizure of the gun from the car were justified. The Court of Appeals noted that one of the two officers who effected the traffic stop saw an open container of alcohol in Petitioner's car and that, while retrieving the container of alcohol, the officer saw the butt of a gun near the driver's seat. The Court of Appeals concluded that the facts, as determined by the trial court, supported application of the plain-view exception to the warrant requirement and, therefore, the trial court did not err in denying

Petitioner's motion to suppress the evidence.

The Michigan Supreme Court was also given an opportunity to review Petitioner's claim. It allowed the Court of Appeals decision to stand and denied leave to appeal because it was not persuaded to review the issue.

### III

Petitioner's Fourth Amendment claim is not cognizable on habeas review because Petitioner had a full and fair opportunity to present his claim in state court. He raised his claim in the trial court, in the Michigan Court of Appeals, and in the Michigan Supreme Court. As Petitioner "had ample opportunities to present [his] claim[] in state court," he is precluded from obtaining habeas relief. *Rashad v. Lafler*, No. 09-2371, 2012 WL 1130446, at *4 (6th Cir. Apr. 5, 2012).

Accordingly, it is **ORDERED** that Petitioner's application for the writ of habeas corpus (ECF No. 1) is summarily **DISMISSED**. This dismissal is pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

It is further **ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED** because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 23, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon William Frost, #181479, Central Michigan Correctional Facility, 320 North Hubbard, St. Louis, MI 48880 by first class U.S. mail on April 23, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS